UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 10-271-GWU


JOANN JONES,                                                    PLAINTIFF,


VS.                              **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## INTRODUCTION

JoAnn Jones brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Disability Insurance Benefits (DIB).

The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.   Is the claimant currently engaged in substantial gainful activity?
     If so, the claimant is not disabled and the claim is denied.

2.   If the claimant is not currently engaged in substantial gainful
     activity, does he have any "severe" impairment or combination
     of impairments--i.e., any impairments significantly limiting his
     physical or mental ability to do basic work activities?  If not, a
     finding of non-disability is made and the claim is denied.

3.   The third step requires the Commissioner to determine
     whether the claimant's severe impairment(s) or combination of
     impairments meets or equals in severity an impairment listed
     in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.  At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.  If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-

2

ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical

vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .  .  .  or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);

however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Jones, a 54-year-old former department store floor associate, suffered from impairments related to valvular heart disease, fibromyalgia, degenerative disc disease of the lumbar spine, and obesity.  (Tr. 19, 27).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 22-23).  Since the claimant would be able to return to her past relevant work, she could not be considered totally disabled.   (Tr. 27).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

5

The ALJ determined that Jones retained the ability to perform light level work, restricted from a full range by (1) an inability to more than occasionally climb stairs or ramps; (2) an inability to sit for more than six hours in an eight-hour day; (3) an inability to stand or walk for more than six hours in an eight-hour day; (4) an inability to climb more than one flight of stairs at a time; (5) an inability to ever climb ladders, ropes or scaffolds; (6) an inability to more than occasionally balance, stoop, kneel, or crouch; (7) an inability to ever crawl; (8) a need to avoid concentrated exposure to full body vibration and extreme cold; and (9) a need to avoid hazards such as unprotected heights and dangerous machinery. (Tr. 22-23). These restrictions were presented to Vocational Expert Ralph Crystal who testified that the plaintiff's past work as a department store floor associate could still be done. (Tr. 58). The witness also identified a significant number of other jobs which could still be performed as an alternative. (Tr. 58-59). The ALJ relied upon this information to support the administrative decision. (Tr. 28).

Dr. Thomas Thornberry, Jones's treating physician, opined that she would be limited to lifting more than 20 pounds occasionally, with standing or walking restricted to less than two hours a day in 15-minute intervals, and sitting limited to four hours a day in 30-minute intervals along with the need to be able to shift from sitting to standing or walking at will, the need to be able to take unscheduled breaks during the working day, and an inability to stoop or crouch for more than 10 percent of the time. (Tr. 520-522). These restrictions are far more severe than those found

6

by the ALJ and presented to the vocational expert. The plaintiff indicated on the Disability Report that her past work as floor associate had required her to stand or walk for up to seven hours a day. (Tr. 136). Thus, the physical restrictions of Dr. Thornberry would preclude performance of the claimant's past relevant work.

The ALJ rejected the opinion of Dr. Thornberry as binding. (Tr. 26). The ALJ thought that the doctor's opinion was inconsistent with the medical record including his own treatment notes. (Id.). In particular, the ALJ noted that the physician had released Jones to return to work in December of 2007 and indicated that she could perform a "sit down job." (Id.). However, the doctor qualified this statement by saying "she would be able to do a sit down job intermittently." (Tr. 353) (emphasis added). This statement does not suggest she could return to her past work in which a great deal of standing and walking was required and, at best, would limit her to part-time employment. Furthermore, the court notes that at least some objective medical evidence supports the opinion of Dr. Thornberry. The doctor repeatedly noted the existence of perilumbrical [sic] and nerve root impingement with perilumbrical and thoracic muscle spasm. (Tr. 261, 263-264, 355, 360, 362-363). The doctor also noted chronic trigger point pain and diminished deep tendon reflexes. (Tr. 296, 359). Therefore, the ALJ needed to cite additional reasons to discredit the opinion of the treating source in this action.

Dr. Terry Trout indicated in April of 2008 that Jones was "permanently" off work. (Tr. 347). This opinion goes to the issue of disabled status and is reserved

to the Commissioner under the federal regulations.  20 C.F.R. § 404.1527(e)(1). Thus, it would not be binding on the Commissioner.  However, the opinion does not support the administrative denial decision and provides at least some evidence that the plaintiff was more impaired than found by the ALJ.

Dr. Mary Payne (Tr. 286-293) and Dr. Sudhideb Mukherjee (Tr. 313-320) each reviewed the record and opined that Jones would be limited to medium level work, restricted from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds and a need to avoid concentrated exposure to hazards. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly cites the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Social Security Ruling 96-6p suggests that when the examiner is also a treating source, then the non-examiner should have reviewed a complete record which contains the opinion of a specialist in the claimant's particular impairment who had access to more detailed and comprehensive information than did the treating source.  In the present action, Dr. Payne saw the record in September of 2007 (Tr. 293) and Dr. Mukherjee saw it in November of 2007 (Tr. 320).  Neither reviewer had the opportunity to see and comment upon the opinions of Dr. Thornberry, issued in March of 2009 (Tr. 523) or Dr. Trout, issued in April of 2008 (Tr. 347) nor to see the other records which were entered into evidence after their reviews.  Thus, these opinions cannot be used to support the administrative decision.  The ALJ should at least have sought the advice

of a medical advisor who did see and comment upon the complete record. Therefore, a remand of the action for further consideration is required.

Jones also asserts that the ALJ erred by failing to properly consider her claim of suffering from a "severe" mental impairment. The ALJ indicated that her problems with an affective disorder and an anxiety disorder were not "severe" impairments. (Tr. 20). Psychologists Lea Perritt (Tr. 272) and Ed Ross (Tr. 299) each reviewed the record and opined that the plaintiff's mental problems were not "severe." However, the court notes that Dr. Thornberry, who treated the claimant primarily for physical problems, did indicate that she suffered from anxiety and depression and stated that the plaintiff was incapable of performing even low stress jobs. (Tr. 520). The reviewers saw the record in August of 2007 (Perritt) and November of 2007 (Ross) and, so, did not have the opportunity to see a complete record. Upon remand of the action, Jones will have the opportunity to submit additional evidence concerning her mental status and this issue further developed.

Jones argues that her medical problems would prevent her from maintaining employment and, so, she could not meet the duration requirement for substantial gainful activity. The plaintiff cites the Ninth Circuit Court of Appeals case of Gatliff v. Commissioner of Social Security, 172 F.3d 690 (9th Cir. 1999). However, in Gatliff, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact. Gatliff, 172 F.3d at 692. In the present action, Jones has

not identified similar evidence suggesting that she would not be able to maintain employment.  Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 21st day of April, 2011.

**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**